RECEIVED
IN LAKE CHARLES, LA

NOV 22 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BILL BRASSEAUX** | : | **DOCKET NO. 04 CV 2469** |
| **VS.** | : | **JUDGE MINALDI** |
| **JOHN LYLE CHATELAIN, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

This case is before the Court upon a motion for partial summary judgment [doc. # 50] on liability, filed by the plaintiff, Bill Brasseaux ("Brasseaux"). Brasseaux originally filed this suit in the 14th JDC on November 11, 2004. The suit was removed to federal court after a showing of diversity of citizenship and the requisite amount in controversy. The case arises from a vehicular collision which occurred at the intersection of Louisiana Highway 14 and East Prien Lake Road in Lake Charles, Louisiana between a car driven by Brasseaux and a car operated by defendant John Lyle Chatelain ("Chatelain"), owned by defendant Central Freight Lines, Inc. and insured by defendant Protective Insurance Company (collectively, the "defendants"). The defendants assert that a genuine issue of material fact exists, namely whether Brasseaux's vehicle was partially blocking the otherwise clear intersection when Mr. Chatelain attempted to make a left turn, which precludes this Court from granting the present motion. This court disagrees.

## Background

At approximately 3:47 p.m. on November 26, 2003, Brasseaux was driving his 1996 Chevrolet Pickup Truck in the northbound inside lane of travel of the multi-laned Louisiana Highway 14 at the intersection with East Prien Lake Road. As plaintiff drove his vehicle through the intersection, the traffic ahead in the northbound lanes came to a stop as a result of the traffic light turning red at the next intersection. As a result, plaintiff brought his truck to a complete stop either just past the north side of the intersection or with the back end of his truck still partially within it. Chatelain, operating a 2000 Freight Liner 18 wheeler rig, was headed south on Louisiana Highway 14. After bringing his rig to a complete stop, Chatelain commenced to make a left turn onto East Prien Lake Road when the trailer section of the his rig struck the rear side of Brasseaux's vehicle. Brasseaux's vehicle was stopped at the time Chatelain commenced the turn and remained so at the time of the collision.

## Summary Judgment Standard

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57, 89 L.Ed.2d 538 (1986). When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to

interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact.[1] *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *Topalian v. Ehrman*, 954 F.2d 1125, 1131-32 (5th Cir.1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. See *Celotex*, 477 U.S. at 328, 106 S.Ct. at 2555.

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings. Fed.R.Civ.P. 56(e); see also *Topalian*, 954 F.2d at 1131.

## Law and Analysis

A driver may not turn at an intersection unless and until such movement can be made with reasonable safety. La. R.S. 32:104(A). Drivers executing left turns have a heavy burden of care under law. *Corvers v. Acme Truck Lines*, 95-925 (La.App. 5 Cir. 4/16/96), 673 So.2d 1088, 1090 n. 3. Under Louisiana jurisprudence a motorist attempting to turn left must make certain

---

[1] FN1. A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In order for a dispute to be "genuine," the evidence before the Court must be such that a reasonable jury could return a verdict for the nonmoving party. *Id.*, see also, *Judwin Properties, Inc. v. United States Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir.1992).

the turn can be made without danger to normal overtaking or oncoming traffic and he must yield the right of way to such vehicles. He must refrain from making the left turn unless the way is clear, and if a collision occurs while he is attempting such a maneuver the burden is upon him to show that he was free from negligence. Severson v. St. Catherine of Sienna Catholic Church 707 So.2d 1026, 1029 -1030 (La.App. 5 Cir.,1998), writ denied 98-0653 (La. 4/24/98), 717 So.2d 1178. The burden of proving freedom from negligence in executing the turn rests upon the person making the turn. *Plaisance v. Epherson,* 466 So.2d 485, 487 (La.App. 5 Cir.1985). If the motorist fails to see what he should have seen, then the law charges him with having seen what he should have seen, and the court examines his subsequent conduct on the premise that he did see what he should have seen. *Sanchaz Fernandez v. General Motors Corporation*, 491 So.2d 633, 636 (La. 1986). However, the favored driver can still be found contributorily negligent if his or her substandard conduct contributed to the cause of the accident. *Corvers v. Acme Truck Lines*, 95-925 (La.App. 5 Cir. 4/16/96), 673 So.2d 1088, 1090.

As the left-turning vehicle, it is clear that Chatelain had a duty to refrain from making his turn until the way was clear. Because he struck Brasseux's vehicle while it was stopped is proof enough that Chatelain breached this duty. The defendants have tried to make an issue out of whether Mr. Brasseux was improperly stopped within Mr. Chatelain's designated turning lane at the time of the accident. The defendants contend that because there was an established street sign prohibiting the blocking of this particular intersection, Brasseux's positioning is material to a determination of the cause of the accident.[2] This is not so. Regardless of the exact positioning of Brasseux's car, there is no dispute that he was stopped at the time of the accident. Mr. Chatelain

further testified that he was not aware of Mr. Brasseaux's positioning until he attempted to make his turn and his trailer collided with Mr. Brasseux's truck. Because it is undisputed that Brasseaux's vehicle was stopped, it must also be undisputed that the sole proximate cause of the accident was Chatelain's failure to wait for a clear pathway before making his turn.[3]

Therefore, the plaintiff's Motion for Partial Summary Judgment on the issue of liability [doc.#50] will be GRANTED.

Lake Charles, Louisiana, this 21 day of November, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT

---

[3] The defendants' repeated emphasis on the fact that intersection was "otherwise clear" is immaterial. It does not matter that the intersection would otherwise have been clear but for Brasseaux's alleged presence within it. What matters for purposes of causation is that Brasseaux's vehicle had stopped prior to Chatelain making his turn and remained stopped until after the collision. Consequently, any alleged negligence on the part of Brasseaux in blocking Chatelain's turning lane could not have caused the accident as Chatelain was never presented with a clear way to make his turn.