UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WITNESS BELL BRASSEAUX** | : | **DOCKET NO. 04 CV 2469** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **JOHN LYLE CHATELAIN, ET AL** | : | **MAGISTRATE JUDGE WILSON** |

### MEMORANDUM RULING

Presently before the court are a motion to strike (Doc. 171) and a motion to compel (Doc. 179). The present suit arises out of a motor vehicle accident that occurred at an intersection in Lake Charles, Louisiana. The plaintiff was operating a pick-up truck that was stopped at the intersection. Defendant was traveling in the opposite direction and had stopped in the left-hand turn lane at the same intersection. Defendant proceeded to turn left from a dead stop and as he did his vehicle, a tractor trailer, made contact with Plaintiff's vehicle. Defendant stopped his vehicle as soon as he realized contact had been made. Subsequent to this accident Plaintiff underwent spinal disc surgery. Defendants contend that the accident at issue here did not cause the injury that resulted in surgery. In part, Defendants rely on alleged injuries that Plaintiff sustained in a previous accident and, in part they rely on what they contend was the minor nature of the collision at issue here.

The motions presently before the court relate to Plaintiff's attempt to interject evidence related to a prior accident sustained by Defendant into this litigation. Over two years prior to the accident at issue here Defendant, Mr. Chatelain, was involved in an accident and was injured.

Generally, it appears that at the time of the previous accident Mr. Chatelain was operating his vehicle at a speed of approximately 55 MPH when another vehicle suddenly pulled out into his path resulting in a collision. Plaintiff contends that evidence of this accident and Mr. Chatelain's resulting injuries are probative on the issue of causation in the present case. This court disagrees. Evidence of Mr. Chatelain's prior accident and his resulting injuries in no way tends to make the fact of causation in the present case more or less probable. F.R.E. 401. Even if it is assumed that such evidence would have some probative value on the issue of causation it is clear that such probative value would be slight and it would clearly be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay and waste of time. F.R.E. 403. The motion to strike is granted. Further, discovery related to such prior accident is not reasonably calculated to lead to the discovery of relevant evidence. Thus, the motion to compel is denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of May, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE